NOT DESIGNATED FOR PUBLICATION

No. 113,701

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER A. SHADDEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; KURTIS I. LOY, judge. Opinion filed April 29, 2016.
Affirmed.

*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: Christopher A. Shadden appeals following his conviction of aggravated battery. Shadden claims the district court erred by not granting a continuance of sentencing so that he could file a motion to withdraw his plea. He also claims the district court unconstitutionally used his prior juvenile adjudications and adult convictions to elevate his presumptive prison sentence. Finding no error, we affirm the district court's judgment.

On February 7, 2014, Shadden pled no contest to one count of aggravated battery. In the plea agreement, the State agreed to recommend a dispositional departure to

probation. However, the agreement provided that if Shadden violated the conditions of his bond or committed a new crime prior to sentencing, the State would not agree to the dispositional departure. The district court scheduled the sentencing for April 1, 2014.

At the hearing on April 1, 2014, Shadden's attorney, Jason Wiske, told the district court that Shadden wanted to file a motion to withdraw his plea and wanted Wiske to withdraw from the case. Wiske believed that he had a conflict of interest in continuing to represent Shadden and requested that he be allowed to withdraw. Shadden confirmed he wanted Wiske to withdraw. The district court allowed Wiske to withdraw, appointed John Gutierrez to represent Shadden, and scheduled a status conference for April 23, 2014.

At the status conference, Shadden requested more time to determine whether he wanted to file a motion to withdraw his plea. The district court rescheduled sentencing for June 4, 2014. The district court also ordered Shadden to file a motion to withdraw plea, if he so desired, within 14 days of receiving the transcript of the plea hearing.

Shadden did not file a motion to withdraw his plea. He also failed to appear for sentencing on June 4, 2014. Guiterrez informed the district court that he had lost contact with Shadden after the status conference. Guiterrez informed the district court that he had sent Shadden a letter with advice on whether he should withdraw his plea along with a copy of the transcript of the plea hearing. However, Shadden did not respond to the letter and Guiterrez' attempts to reach Shadden by telephone had been unsuccessful. The district court issued a bench warrant for Shadden's arrest.

The bench warrant was executed on February 5, 2015. After Shadden's arrest on the bench warrant, the district court rescheduled sentencing for February 25, 2015. At the sentencing hearing, Shadden requested another continuance because he still wanted to pursue a motion to withdraw his plea. The district court recited the procedural history of the case and denied the request for a continuance.

2

Shadden also challenged his criminal history score of A. This score was based on Shadden's one prior adult person felony conviction and two prior juvenile person felony adjudications. Shadden argued that his juvenile adjudications occurred in the 1990's, had "decayed," and should not be included in his criminal history score. The district court denied Shadden's objection and found that his criminal history score was A.

The district court sentenced Shadden to 162 months' imprisonment followed by 36 months' postrelease supervision. The district court also found that there were no substantial or compelling reasons to grant any departure from the presumptive sentence. Shadden filed a timely notice of appeal.

On appeal, Shadden first argues that the district court erred when it denied his request to continue sentencing. Shadden argues this denial was unreasonable because he was being held without bond, and a short continuance would have allowed him to confer with Guiterrez, file a motion to withdraw his plea, and ensure the fundamental fairness of his no-contest plea. The State contends that the district court did not err in denying the continuance because Shadden had plenty of opportunities to file a motion to withdraw his plea but he squandered those opportunities through his own actions.

As Shadden acknowledges, a district court's ruling on a motion for continuance is reviewed for an abuse of discretion. *State v. Lewis*, 299 Kan. 828, 846, 326 P.3d 387 (2014). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

The district court did not abuse its discretion when it denied Shadden's request to continue sentencing. As the district court noted, Shadden's failure to file a motion to withdraw his plea prior to sentencing was his fault. The district court granted Shadden two continuances, which provided him 2 months to work with Gutierrez on filing a

3

motion to withdraw his plea. The record also shows that Gutierrez did his part to research the issue, obtain a transcript of the plea hearing, and provide Shadden with advice as to whether he should file a motion to withdraw his plea.

The only reason Shadden did not have his motion to withdraw his plea filed by the time of sentencing was because he did not take advantage of the time provided by the district court and the work completed by Gutierrez. Instead of taking advantage of these opportunities, Shadden decided to abscond and not appear at his sentencing hearing. Because Shadden's failure to file his motion to withdraw his plea was the result of his decision to abscond, it was not unreasonable or an abuse of discretion for the district court to deny Shadden's request for a continuance.

Next, Shadden argues that the district court unconstitutionally used his prior juvenile adjudications and adult convictions to elevate his presumptive prison sentence. Shadden argues that this practice violated his Sixth and Fourteenth Amendment rights pursuant to the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). However, as Shadden acknowledges, our Supreme Court has rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002) (not extending *Apprendi* to increasing a sentence based on the fact of a prior conviction), and *State v. Hitt*, 273 Kan. 224, 236, 42 P.3d 732 (2002) (extending *Apprendi*'s prior conviction exception to juvenile adjudications). This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (2015). There is no indication that our Supreme Court is departing from *Ivory* or *Hitt*. See *State v. Tahah*, 302 Kan. 783, 796, 358 P.3d 819 (2015) (applying *Ivory*); *State v. Harris*, 293 Kan. 798, 818, 269 P.3d 820 (2012) (applying *Hitt*).

Affirmed.